IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, AS NOMINEE FOR DHI MORTGAGE COMPANY, LTD.**<br>    **Plaintiff,**<br><br>v.<br><br>**JON CORY MESSER AND WHITNEY C. MESSER,**<br>    **Defendants.** | § § § § § § § § § § § § | Civil Action No. 5:21-cv-542 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for DHI Mortgage Company, Ltd. ("MERS" or "Plaintiff") hereby files its original complaint against Defendants Jon Cory Messer and Whitney C. Messer (collectively, "Defendants").

### I.    PARTIES

1. Plaintiff is a corporation that is organized under the laws of the State of Delaware.

2. Defendant Jon Cory Messer is an individual who may be served with process at 11915 Sapphire River, San Antonio, Texas 78245 ("the Property").

3. Defendant, Whitney C. Messer is an individual who also may be served with process at 11915 Sapphire River, San Antonio, Texas 78245.

### II.    JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

5. The parties are diverse. Plaintiff is incorporated in Delaware and has its principal

place of business in Virginia. Therefore, it is a citizen of Delaware and Virginia. Based on the Bexar County Appraisal District records, Defendants are both domiciled in Texas and are, therefore, citizens of Texas.

6. The amount in controversy requirement is met.[1] Plaintiff seeks a declaratory judgment that the Release of Lien at issue is void and the Deed of Trust lien remains in full effect. Therefore, the value of the Deed of Trust lien, i.e., the remaining balance on the mortgage loan which the Deed of Trust lien secures, establishes the amount in controversy. Approximately $251,295.79 remains due and owing on the mortgage loan at issue; therefore, the amount in controversy requirement is met.

### III.  VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because the Property at issue is situated in this district.

### IV.  FACTS

8. On or about April 12, 2019, Jon Cory Messer and Whitney C. Messer executed a promissory note (the "Note") in the amount of $262,278.00. The Note was secured by the Property as reflected in the deed of trust ("Deed of Trust"), which Defendants signed on the same day. *See* **Exhibit A:** Deed of Trust. The Deed of Trust was recorded in the Bexar County, Texas real property records as Document Number 20190071140.

9. The original lender and servicer was DHI Mortgage Company, Ltd. MERS, as beneficiary, as nominee of DHI Mortgage Company, Ltd. is the current holder of the Deed of

---

[1] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *McDonald v. Deutsche Bank Nat'l Trust Co., as Trustee*, No. 3:11-cv-2691, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) ("In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

Trust lien.

10. On or about April 19, 2021, a Release of Lien was prepared, executed, and recorded in the Bexar County, Texas real property records as Document Number 20210102408. *See* **Exhibit B:** Release of Lien. The Release of Lien purportedly released the Deed of Trust lien on the Property. However, the release was prepared, executed, and recorded in error and by mistake. Specifically, the loan has not been paid in full. Rather, approximately $251,295.79 remains due and owing on the loan.

11. Therefore, Plaintiff seeks a rescission of the erroneous release of lien and a declaration that the Deed of Trust lien remains in full force and effect as a first priority lien on the Property as of the date it was originally recorded.

V.   CAUSES OF ACTION – RESCISSION & DECLARATORY JUDGMENT

12. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

13. Plaintiff seeks rescission of the Release of Lien and a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

14. The Release of Lien was prepared, executed, and recorded by mistake and Plaintiff is equitably entitled to a rescission of the release because the loan has not been paid in full and remains due and owing.

15. Therefore, Plaintiff requests the Court declare (1) the Release of Lien recorded on April 19, 2021 in the Bexar County, Texas real property records as Document Number 20210102408 was prepared, executed, and recorded in error and by mistake; (2) the Release of Lien is rescinded and void; and (3) the Deed of Trust lien recorded on April 18, 2019 in the Bexar County, Texas real property records as Document Number 20190071140 is of full force

and effect as it was prior to the recording of the erroneous Release of Lien because an amount remains due and owing on the loan secured by the Deed of Trust.

## VI.   PRAYER

16.   For these reasons, Plaintiff requests the Court enter a declaratory judgment in Plaintiff's favor as requested above and grant all further relief to which Plaintiff is justly entitled.

Respectfully submitted

By: */s/ Valerie Henderson*
**Valerie Henderson**
Texas Bar No. 24078655
**Melissa Vest**
Texas Bar No. 24096002
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile
vhenderson@bakerdonelson.com
mvest@bakerdonelson.com

**ATTORNEYS FOR PLAINTIFF**